Shakur MUHAMMAD, also known as John E. Mease, Plaintiff–Appellant,

v.

Mark CLOSE, Correctional Officer, Defendant–Appellee.

No. 02–1043.

United States Court of Appeals, Sixth Circuit.

Sept. 23, 2002.

Before MARTIN, Chief Judge; MOORE, Circuit Judge; WISEMAN, District Judge.[*]

Shakur Muhammad appeals a district court grant of summary judgment for defendant in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Muhammad filed his complaint in the district court alleging that the defendant corrections officer falsely charged him with major misconduct threatening behavior in retaliation for prior lawsuits and grievances plaintiff filed against defendant. Plaintiff named defendant in his individual and official capacities and sought compensatory and punitive dam-

---

[*] The Honorable Thomas A. Wiseman, Jr., United States District Judge for the Middle District of Tennessee, sitting by designation.

ages and expungement of the resulting misconduct conviction on a reduced charge of insolence. Defendant moved to dismiss the complaint or for summary judgment, and plaintiff responded in opposition and moved for leave to amend his complaint. The magistrate judge recommended that defendant's motion to dismiss or for summary judgment be denied and that plaintiff's motion to amend his complaint be granted, and defendant filed objections. The district court adopted the magistrate judge's recommendation and denied defendant's motion, and plaintiff filed an amended complaint.

Thereafter, the magistrate judge appointed counsel to represent plaintiff, and defendant moved to dismiss the complaint for failure to exhaust administrative remedies. The magistrate judge recommended that the motion to dismiss be denied, and defendant filed objections. The district court adopted the magistrate judge's recommendation and denied defendant's motion to dismiss.

Following discovery, defendant again moved the district court for summary judgment, plaintiff responded in opposition, and defendant submitted a reply. The magistrate judge recommended that summary judgment for defendant be granted, and the district court granted plaintiff leave to file pro se objections after counsel declined to do so. The district court adopted the magistrate judge's recommendation and granted summary judgment for defendant. Plaintiff filed a timely notice of appeal pro se. On appeal, plaintiff contends that he established a genuine issue of material fact remaining for trial with respect to whether defendant retaliated against him in violation of the First Amendment. Defendant responds that the district court's judgment was proper.

Upon de novo review, *see Brooks v. Am. Broad. Cos.*, 932 F.2d 495, 500 (6th Cir. 1991), we affirm the judgment of the district court. The plaintiff seeks punitive and compensatory damages and requests that "the misconduct charge [be] expunged from his file." J.A. at 14. Thus this case falls directly within the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), which this circuit applied to a prisoner seeking damages and expungement of a disciplinary infraction in *Huey v. Stine*, 230 F.3d 226, 228 (6th Cir.2000). "In order to grant the plaintiff in this case the relief he seeks, we would have to unwind the judgment of the state agency." *Id.* at 230. Thus *Heck* bars the plaintiff's action under 42 U.S.C. § 1983.

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.